IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,301-01






EX PARTE STEFAN THOMAS ALMOND, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-37,847 IN THE 358TH DISTRICT COURT


FROM ECTOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault - family
violence and sentenced to four years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because trial counsel did not discover that
Applicant's prior assault conviction was not capable of raising the instant offense to felony status. 
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). The habeas
record contains no response from trial counsel or the State and no findings from the trial court. In
these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court shall obtain a response from Applicant's trial counsel answering Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary due to counsel's ineffectiveness. Specifically, the trial court shall
make findings as to whether Applicant's prior assault conviction alleged in the indictment in the
instant case was committed "against a person whose relationship to or association with [Applicant]
is described by Section 71.0021(b), 71.003, or 71.005, Family Code." Tex. Pen. Code §
22.01(b)(2)(A). The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 5, 2011

Do not publish